**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY FLORIDA**

| DIVISION: CIVIL | SUMMONS (20 Day Corporate Service) | CASE NUMBER 11-06407CC25 |
|---|---|---|
| PLAINTIFF(S)<br>ERKINS ARIAS | VS. DEFENDANT(S)<br>YESSG RECOVERY I, LLC<br>And<br>NAOM J. COHEN, P.A. | CLOCK IN |

THE STATE OF FLORIDA

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant(s):

**NAOM J. COHEN, P.A.**
**RA- Cohen, Naom Esq**
**13899 Biscayne Blvd # 305**
**Miami, FL 33181**

5/3/11 1:28pm
Naom cohen
H.G #1855
11th Jud Cir

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:

**Erik Kardatzke, Esquire**
**Debt Defense, P.L.**
**6915 Red Road, Ste 200**
**Coral Gables, FL 33143**

Within 20 days after service of this summons on that defendant, exclusive of the day of service, Saturdays, Sundays and Legal Holidays, and to file the original of the defenses with the Clerk of Court either before service on the Plaintiff's attorney or immediately thereafter. If defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: ALPHONZO NORTON<br>DEPUTY CLERK | DATE<br>MAY 02 2011 |
|---|---|---|

AMERICANS WITH DISABILITIES ACT OF 1990
IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE COURT ADA COORDINATOR, NO LATER THAT 7 DAYS PRIOR TO THE PROCEEDINGS AT (305) 349-7174 (TDD)

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

11-06407CC25(03)

ERKINS ARIAS
Plaintiff
v.

YESSG RECOVERY I, LLC
NAOM J. COHEN, P.A.

Defendants
_______________________________/

THE ORIGINAL FILED
ON MAY 02 2011
IN THE OFFICE OF
CIRCUIT COURT DADE CO
CIVIL DIVISION

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW, Plaintiff, who claims as follows:

1. A jury trial is demanded.
2. This is an action for more than $5,000.00, but less than $15,000.00 and is within the jurisdiction of this court.
3. Venue is proper because the actions occurred in this county.
4. Plaintiff ("ERKINS ARIAS") is a "consumer" as that term is defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692a(3)
5. ERKINS ARIAS is a natural person allegedly obligated to pay a debt to the defendant.
6. The obligation which defendants allege ERKINS ARIAS is obligated to pay is a "debt" as the term is defined by the FDCPA, 15 U.S.C. §1692a(5).
7. The defendant, YESSG RECOVERY I, LLC is a "debt collector" as that term is defined by the 15 U.S.C. §1692a(6)

8. The defendant, NAOM COHEN is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. The defendants filed a lawsuit in Miami-Dade County Court (case number 2010-21922 SP 23) upon a Chase Credit Card account.

10. The debt was barred by the statute of limitations, as more than three years had elapsed, and the account was governed by Delaware law.

11. Delaware statute 8106 bars actions filed more than three years after the accrual of the cause of action.

12. Defendants violated the Fair Debt Collection Practices Act 15 USC 1692 e & f by filing a timebarred lawsuit agaisnt a consumer.

13. Defendants also attempted to hide the fact that the account was governed by Delaware law, by failing to attach the governing law section of the cardmember agreement.

14. PLAINTIFF suffered damages.

15. The Fair Debt Collection Practices Act, §1692k provides for actual damages, statutory damages up to One-thousand dollars ($1,000.00), costs of this action, and reasonable attorney's fees for any violation of the Act.

WHEREFORE, ERKINS ARIAS respectfully prays that this Court enter a judgment against the defendants for actual damages, statutory damages in the amount of one-thousand dollars ($1,000.00) for violations of the Fair Debt Collection Practices Act, costs of this action, and any and all such additional and further relief as this Court deems just or proper in the circumstances.

## COUNT TWO – DECLARATORY RELIEF

16. ERKINS ARIAS incorporates by reference paragraphs 1-14.

17. DISCOVER BANK unilaterally chose Delaware law to govern the debt.

18. Plaintiff's cause of action arose more than three years ago.

19. Delaware law bars actions not filed within three years of the accrual of the cause of action.

20. The debt owed by ERKINS ARIAS is barred by the statute of limitations.

21. Plaintiff requests a declaratory statement that the debt is barred by the statute of limitations.

WHEREFORE, ERKINS ARIAS respectfully prays that this Court enter a declaratory judgment against defendants that the debt is barred by the statute of limitations and that defendant cannot again directly contact the plaintiff, costs of this action, and any and all such additional and further relief as this Court deems just or proper in the circumstances.

Erik Kardatzke, Esq. FBN 17862
Debt Defense, P.L. – A Law Firm
6915 Red Road, Suite 200
Coral Gables, Florida 33143
Tel.: (305) 444-4323